# UNITED STATES EX REL. FOREMAN *v.* MEYER.

ARMY AND NAVY; PAYMASTER'S CLERK; MANDAMUS.

The act of Congress of June 24, 1910 (36 Stat. at L. 606, chap. 378), providing that all paymasters' clerks shall, while holding appointment in accordance with law, receive the same pay and allowances, and have the same rights of retirement, as warrant officers of like length of service in the Navy, refers only to paymasters' clerks at naval stations, and not to clerks at purchasing paymasters' offices of the various cities; and mandamus will therefore not lie on the relation of a clerk of the latter class, to compel the Secretary of the Navy to record his name upon the register of retired officers of the Navy as a paymaster's clerk. (Citing secs. 1386, 1444, 1445, and 1556, Rev. Stat., U. S. Comp. Stat. 1901, pp. 994, 1020, 1021, 1067, and the act of Congress of May 13, 1908, 35 Stat. at L. 128, chap. 166.)

No. 2380. Submitted March 8, 1912. Decided April 1, 1912.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia dismissing a petition for the writ of mandamus against the Secretary of the Navy.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

By this appeal appellant, George L. Foreman, brings under review a decree in the supreme court of the District dismissing his petition for a writ of mandamus to compel George Von L. Meyer, the Secretary of the Navy, to record his name "upon the register of retired officers of the Navy as a paymaster's clerk from the 27th day of June, 1910." There was an answer to the petition, to which a demurrer, was interposed, and, appellant electing to stand upon his demurrer, the decree of dismissal followed.

The case made by the pleadings is substantially as follows:

On August 14, 1893, appellant was, by the Secretary of the Navy, "appointed paymaster's clerk for duty at the Navy pay office, San Francisco, California." It is conceded that this office was and is a "purchasing paymaster's office." Said appointment was accepted, and, by his oath of office, appellant obligated himself to comply with and be obedient to such laws, regulations, and discipline of the Navy as were then, or might thereafter be, established. He continued in the position to which he had thus been appointed from 1893 until November 20, 1908, receiving an annual compensation of $2,000, which was paid from the appropriation entitled, "pay, miscellaneous." Upon said November 20, 1908, appellant, being more than sixty-two years of age, was notified by the Acting Secretary of the Navy of his promotion to the position of chief clerk at said pay office, with pay at the rate of $2,100 per annum, to be charged to the "pay, miscellaneous" account. A blank form of acceptance and oath was inclosed. Under date of December 1, 1908, appellant notified the Secretary that "I hereby accept the position tendered me by you, of chief clerk, United States Pay Office, San Francisco, California, with pay at the rate of $2,100 per annum, dated November 20, 1908." He served under this appointment, without protest of any kind, until April 17th, 1909, when he filed an application for retirement as an officer of the Navy, under sec. 1444, Rev. Stat. U. S. Comp. Stat. 1901, p. 1020. This application was denied. On November 14, 1910, he petitioned the Secretary for retirement under the act of June 24, 1910 (36 Stat. at L. 606, chap. 378). This petition was also denied. On December 14, 1910, appellant's request for leave without pay up to and including December 30th, was approved by the Department. In the letter of approval appellant was notified that if he should be unable to report for duty at the expiration of his leave, his resignation would be accepted, otherwise he would be discharged. On January 7, 1911, appellant tendered his resignation under protest, and to prevent his discharge. This resignation was accepted by the Department on January 11th, following.

Sec. 1386, Rev. Stat., U. S. Comp. Stat. 1901, p. 994, al-

lows *one* clerk to paymasters of the fleet, paymasters on vessels having complements of more than 175 persons, on supply steamers, store vessels, and receiving ships, *paymasters at stations* and at the Naval Academy, and paymasters detailed at stations as inspectors of provisions and clothing.    See *Johnson* v. *Sayre,* 158 U. S. 117, 39 L. ed. 917, 15 Sup. Ct. Rep. 773.    Under sec. 1556, U. S. Comp. Stat. 1901, p. 1067, the salaries of clerks to paymasters at certain named Navy Yards are fixed. The salary of "clerks to paymasters at *other stations*" is fixed at $1,300 per annum.

It is contended by the appellee that appellant's original appointment and term of service under that appointment were not in virtue of said secs. 1386 and 1556, but upon the authority conferred in the yearly appropriation acts under the heading, "pay, miscellaneous," which authorized the payment of "expenses of purchasing paymasters' *offices* of the various cities *including clerks.*"    (See 27 Stat. at L. 716, chap. 212, which form of appropriation was thereafter followed).    It is pointed out that the accounting officers must have concurred in the view of the Department that, said pay office being a city "purchasing paymaster's office," the provisions of said sec. 1556, limiting the salary of a clerk *to a paymaster at a station* not specially mentioned to $1,300 per annum, did not apply, since appellant had been permitted to receive $2,000 per annum presumably as a city paymaster's clerk.

Appellee further contends that while paymaster's clerks appointed under the authority of said sec. 1386 are, in a limited sense, officers of the Navy, and appropriated for under the head of "pay of the navy," clerks of purchasing paymasters' offices are not officers of the Navy in any sense, but mere civilian employees, and hence not within the purview of said sec. 1444, which provides that "when an officer of the Navy below the rank of vice admiral is sixty-two years old, he shall, except in the case provided in the next section, be retired by the President from active service."    Sec. 1445 expressly excepts from the provisions of sec. 1444 passed assistant paymasters and assistant paymasters.

Under the Act of May 13, 1908 (35 Stat. at L. 128, chap. 166), an officer of the Navy who has been thirty years in the service "may, upon his own application, and in the discretion of the President, be retired." Appellant concedes that this stat-ute does not apply to his case.

The act of June 24, 1910 (36 Stat. at L. 606, chap. 378), provides that all paymaster's clerks shall, *while holding appointment in accordance with law,* receive the same pay and allowances, and have the same rights of retirement, as warrant officers of like length of service in the Navy. Appellant contends that he was, on the date of said act, holding appointment as paymaster's clerk in accordance with law, and hence entitled to the benefits of the act. The contention of the appellee, on the other hand, is that appellant was at no time a paymaster's clerk within the purview of the act, and that, regardless of his status before his appointment of November 20, 1908, he, by accepting that appointment, necessarily vacated his prior appointment, and became, beyond question, a mere civilian employee, and as such not entitled to retirement as an officer of the Navy.

*Mr. Patrick H. Loughran* for the appellant.

*Mr. Clarence R. Wilson,* United States District Attorney, and *Mr. Reginald S. Huidekoper,* Assistant, for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

That Congress and the Navy Department have recognized a distinction between a paymaster's clerk at a Naval Station and clerks at "purchasing paymasters' *offices* of the various cities" is very clear; and, we think, it is equally clear that the act of 1910, extending the benefits of the retirement statutes to paymasters' clerks, was intended to refer, and does in fact refer, to the former class, and not to the latter.

Standing alone, said sec. 1386 possibly might have been held to include detached city pay offices, upon the theory that such

offices are "stations," but Congress has furnished us with in-
dubitable evidence that such an interpretation of the statute is
not warranted, for it has from year to year appropriated for
clerks to paymasters at Naval Stations, under the head of "pay
of the Navy," and for office clerks of the various city pay offices,
including the pay office at San Francisco, under the head of
"pay, miscellaneous." A Naval Station paymaster may have
but one clerk, while there may be as many clerks attached to a
city paymaster's office as the needs of the office require. It is
apparent that the character of the service performed by the two
classes of clerks may differ widely, and that reasons may exist
for the extension of the benefits of the retirement statutes to
one class that do not apply to the other.

Appellant was appointed "for duty at the Navy Pay Office"
at San Francisco, a purchasing paymaster's office. He re-
ceived an annual salary of $2,000 from 1893 to 1908, instead
of $1,300, to which he would have been entitled had he been
appointed under the provisions of sec. 1386. His promotion
in 1908 did not affect his status, since he was at no time a pay-
master's clerk in the technical sense, but at all times attached
to the particular office. He was no more an officer of the Navy
than any one of the many employees of the Navy Department
at Washington.

We rule therefore that he never possessed any right to retire-
ment. Upon the other questions suggested, it is unnecessary to
express an opinion.

Decree affirmed, with costs.                    *Affirmed.*